IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BERTRAM SCOTT,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil No. PJM 06-583 |
| **UNITED STATES OF AMERICA,** | * | |
| **Defendant.** | * | |

## MEMORANDUM OPINION

Before the Court is the United States's Motion to Dismiss. For the reasons set forth below, the Court GRANTS the Motion.

**I.**

On December 30, 2005, Plaintiff Bertram Scott filed suit in the District Court for Prince George's County against William Petzold, his supervisor at the Veteran's Administration Medical Center in Washington, D.C., alleging "defamation of character." Specifically, Scott alleges that Petzold told other employees and a financial institution that Scott had been in jail.

On March 6, 2006, the case was removed to this Court. The United States Attorney then certified that Petzold was acting in the scope of his employment at the time of the incidents alleged in the Complaint and moved to substitute the United States for Petzold. The Court granted the Motion to Substitute on March 24, 2006.

The United States argues that this Court lacks jurisdiction both because Scott failed to exhaust administrative remedies by filing an administrative claim with the Veteran's Administration and that the Federal Tort Claims Act (FTCA) does not waive sovereign immunity as to defamation

1

claims. The Court agrees.[1]

## II.

As a suit for money damages against a federal official acting within the scope of his employment, Scott's suit is governed by the FTCA. *See* 28 U.S.C. §§ 1346, 2671 *et seq*. Section 2675(a) of the FTCA provides that a party may not institute an FTCA action unless he first files an appropriate administrative claim:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

The exhaustion requirement is jurisdictional and is not satisfied by filing an action in state court. See Henderson v. United States, 785 F.2d 121, 123-24 (4th Cir. 1986).

The Government has attached to its Motion the Declaration of Frank Giorno, Regional Counsel for the Department of Veterans Affairs for the region including Maryland and the District of Columbia.[2] Giorno's Declaration states that Scott has not filed an administrative claim. As Scott

---

[1] Scott has not filed an opposition to the United States's Motion. However, the United States has certified that it mailed a copy of the Motion to him, and the Clerk of Court mailed him a letter informing him that a dispositive motion had been filed and that his case could be dismissed if he failed to file an appropriate response. Any opposition would have been futile given that it is clear that the Court lacks jurisdiction.

[2] Because the exhaustion requirement is jurisdictional, the Government's Motion is brought under Fed. R. Civ. P. 12(b)(1), and the Court may consider evidence outside the pleadings, such as Giorno's declaration. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

has not filed a response to the Government's Motion, the Court can only conclude that he did not file an administrative claim. Thus, the Court lacks jurisdiction. See id. at 123 ("Plaintiffs must meet certain prerequisites before filing an action under the Federal Tort Claims Act in federal court. The FTCA clearly provides that, prior to bringing an action against the United States, a claimant 'shall have first presented the claim to the appropriate Federal agency.' It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." (citations omitted)).

However, even if Scott had satisfied the FTCA's exhaustion requirement, the Court must dismiss for lack of jurisdiction because the FTCA does not waive sovereign immunity for defamation actions. While the FTCA allows certain types of tort actions against the government, it specifically excludes "[a]ny claim arising out of...libel, [or] slander." 28 U.S.C. § 2680(h). This provision bars defamation actions. See Talbert v. United States, 932 F.2d 1064, 1066-67 (4th Cir. 1991).

**III.**

For the foregoing reasons, the Court GRANTS the United States's Motion to Dismiss [Paper No. 12]. A separate Order SHALL ISSUE.

**June 23, 2006**

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**